# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00508-CR

**Ernest Benl McIntyre, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 66893, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ernest Benl McIntyre pleaded guilty to possession of child pornography. *See* Tex. Penal Code § 43.26. After a non-jury punishment hearing, the trial court assessed a sentence of nine years in prison.

McIntyre's court-appointed appellate attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*.; *see also Penson v. Ohio*, 488 U.S. 75, 80 (1988); *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978). McIntyre's counsel sent a copy of the brief to McIntyre and advised him of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744.

McIntyre has filed a pro se brief in which he raises four issues that he contends merit further study by new appellate counsel. Three of the complaints relate to photographs of a computer on which pornographic images were found—photos that McIntyre contends are exculpatory because they raise the possibility that he unwittingly acquired the illegal images when he bought used disk drives to install as he built the computer. He argues (1) that the State violated the *Brady* rule by withholding favorable evidence until after his guilty plea, (2) that the State's failure to produce photos of the computer before his guilty plea rendered his plea unknowing and involuntary, and (3) that his trial counsel was ineffective for failing to file a motion either to withdraw his guilty plea or new trial once these photos were revealed. His fourth claim is that his counsel was ineffective in failing to file a motion to recuse the trial judge as biased because he expressed exasperation with McIntyre.

We conclude, based on the record before us, that McIntyre has not shown meritorious grounds that could be substantiated with new appellate counsel. He has not shown that new counsel could present a meritorious argument that the photos are favorable to him. Further, at the punishment phase—six weeks after seeing the photos of the computer and after the photos of the computer were admitted into evidence—McIntyre admitted his guilt, saying "I'm accepting responsibility. I actually take full responsibility for this even though it was the cocaine that caused this. But I do accept—I did this. **I went to those sites. I clicked on those buttons and it was on my computer.**" This is inconsistent with his claim in his pro se brief that, had he known of the photos of the computers sooner, he would have argued that the disk drives were loaded with the illegal images before he bought them and without his knowledge. The record also does not

demonstrate a plausible argument that his counsel was ineffective for failing to file a motion to withdraw his guilty plea, for a new trial, or to recuse the trial judge.

We have reviewed the record and find no reversible error. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). We agree with counsel that this appeal is frivolous, affirm the judgment of conviction, and grant counsel's motion to withdraw.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: June 4, 2014

Do Not Publish